## BICKFORD v. LAPORTE.

*(Circuit Court, D. New Jersey.   May 4, 1880.)*

PATENTS—KNITTING MACHINES—WANT OF NOVELTY—INFRINGEMENT.—
Certain patents of complainants for "improvements in knitting machines" considered, and *held* not void for want of novelty, and that certain machines manufactured by defendants were infringements thereon.

On Bill, etc.

*Frost & Coe*, for complainant.

*H. W. Isaacson*, for defendant.

NIXON, D. J.   This suit is brought for the infringement of four several letters patent, issued to the complainant, for "improvement in knitting machines."   The first is numbered 68,595, and dated September 10, 1867; the second numbered 162,-886, and dated May 4, 1875; the third and fourth are re-issues, dated May 11, 1875, and numbered, respectively, 6,423, 6,424; the original of the first-named being numbered 80,121, and dated July 21, 1868, and the second numbered 92,146, and dated July 6, 1869.

The bill alleges that the inventions claimed in said letters patent are of such a character that the same are capable of conjoint as well as separate use, and that the defendant is infringing by using them conjointly, and not separately, on knitting machines.

The defendant, in his answer, denies—(1) the alleged infringement; (2) the novelty of the complainant's patents; (3) the validity of the two re-issues, claiming that they included more than was specified or revealed in the original patent.

The third defence, as to the re-issues, may be disposed of at the outset.   The defendant has not thought proper to put into the case the two original patents, and hence the court has no means of determining whether the re-issues contain other

and different features or not. The legal presumption is always in favor of the re-issue, and that it is for the same invention as the original; and the defendant not furnishing the court with the means and opportunity of deciding the question by a comparison of the two, it must be held that this branch of the defence has failed, and that the complainant is entitled to hold, and to carry back to the respective dates of the original patents, all that the re-issues claim.

This may have an important bearing upon that part of the defence, which relates to the priority of invention by other patentees; for, not including the distinctive claims of the complainant's patent No. 162,886, all his other patents anticipate inventions which are subsequent to the month of July, 1869.

1. *As to the infringement.* The essential parts of the patents of the complainant, when embodied and combined in a working machine for knitting, show a needle cylinder, in combination with a cylinder carrying cams, which actuate the needles, and a sliding ring to which the yarn carrier is secured, together with a ring clasp for keeping the needles in position. A machine (Exhibit E) was put in evidence which was constructed in accordance with the claims of his several patents. It consisted of a stationary needle cylinder, grooved to hold the needles in a vertical position. Around this was a rotary cylinder, with a portion of its periphery formed with a projection, on which the heels of the needles rested. To this cylinder were attached the actuating cams, which operated on the heels or butts of the needles, and which accomplished the knitting by the alternate elevation and depression of the needles.

The defendant also brought in machines (Nos. 24 and 25) to show what he was manufacturing and selling. Being requested by his counsel to point out in what respects they differed from the Bickford machine, he replied that in No. 24, instead of the swing cam, he used a curved piece of metal, secured to the cylinder, the ends of which projected above the needle rest; and that in No. 25 he used the swing cam similar to those in the Leech machine; but, instead of employing

the butts of the needle to lift the end of the swing cam up to free the latch, the yarn carrier had been adapted to effect the same object; and to throw down the swing cam a simple weight had been attached to the end thereof and used for the purpose.

It is quite obvious that these changes are merely equivalents of the complainant's devices, and that their use is an infringement on the claim of his patents.

2. *As to the want of novelty.* Among the large number of patents which the defendant exhibited to prove the lack of novelty, it is remarkable that many of them are younger than the complainants', and there is no evidence that the date of the alleged inventions was earlier than the date of the respective patents.

At the hearing the counsel of the defendant seemed to rely chiefly upon three machines, which he produced, and which are known as the Lamb machine, the Leech machine, and the Franz & Pope machine. They were exhibited as showing machines made in accordance with letters patent of prior date to some of the patents of the complainant, and as anticipating his inventions.

The defendant, on his cross-examination, admits that the Lamb machine is not circular, but has a straight bed for the needles and cams, and that it cannot make a circular web without using both sets of needles and cams.

In reference to the Franz & Pope machine the defendant proved, on the cross-examination of the complainant, that the complainant in fact made the identical model which accompanied their application for letters patent as early as the latter part of the year 1867, or the beginning of 1868.

As to the Leach machine: Mr. Leach, also, was in the employ of the complainant at the time he made his model for his patents, and the date of his patents is long after the date of the complainants.'

I am of the opinion, also, that the defendant has failed in his defence of want of novelty, and there must be a decree for the complainant.